J-A10002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| R.S.F. | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| D.A.G. | : | |
| | : | |
| Appellee | : | No. 3841 EDA 2017 |

Appeal from the Order Entered October 30, 2017
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  2011-02449

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and RANSOM\*, J.

MEMORANDUM BY GANTMAN, P.J.:                              **FILED JUNE 22, 2018**

Appellant, R.S.F. ("Father"), appeals from the order entered in the Montgomery County Court of Common Pleas, which denied his petition to modify custody and granted the petition of Appellee, D.A.G. ("Mother"), to modify custody of the parties' minor son, A.T.F.G. ("Child") (born in 2011).[1] We affirm.

In its opinions, the trial court accurately set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Father raises three issues for our review:

> DID THE TRIAL COURT ERR OR ABUSE ITS DISCRETION IN
> HOLDING FATHER TO A BURDEN OF PROOF BASED ON THE

---

[1] Father's petition to modify custody sought primary physical custody of Child in Virginia.  Mother's petition to modify custody sought to reduce Father's periods of partial physical custody during the school year so not to disrupt Child's schooling in Pennsylvania.

---

\*   Retired Senior Judge assigned to the Superior Court.

PREPONDERANCE OF THE EVIDENCE?

DID THE TRIAL COURT ERR OR ABUSE ITS DISCRETION IN RELYING ON PRIOR REPORTS PREPARED BY DR. GERALD COOKE WHICH ARE NOT PART OF THE RECORD IN THIS CASE?

DID THE TRIAL COURT ERR OR ABUSE ITS DISCRETION BY NOT PROPERLY CONSIDERING DR. COOKE'S JULY 22, 2017 CUSTODY EVALUATION AND THE SALIENT POINTS RAISED THEREIN, INSTEAD CHERRY-PICKING QUOTATIONS AND FINDINGS OUT OF CONTEXT?

(Father's Brief at 9).[2]

In reviewing a child custody order:

[O]ur scope is of the broadest type and our standard is abuse of discretion. This Court must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*S.J.S. v. M.J.S.*, 76 A.3d 541, 547-48 (Pa.Super. 2013) (internal citation omitted). "With any child custody case, the paramount concern is the best interests of the child. This standard requires a case-by-case assessment of all the factors that may legitimately affect the physical, intellectual, moral and

_____

[2] For purposes of disposition, we have reordered Father's issues.

spiritual well-being of the child." ***A.D. v. M.A.B.***, 989 A.2d 32, 36 (Pa.Super. 2010).

When deciding whether to modify an existing custody order, the trial court must consider all of the factors set forth at 23 Pa.C.S.A. § 5328(a). ***J.R.M. v. J.E.A.***, 33 A.3d 647 (Pa.Super. 2011). The Child Custody Act ("Act") provides:

> **§ 5328. Factors to consider when awarding custody**
>
> **(a) Factors.—**In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:
>
> (1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.
>
> (2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.
>
> (2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).
>
> (3) The parental duties performed by each party on behalf of the child.
>
> (4) The need for stability and continuity in the child's education, family life and community life.
>
> (5) The availability of extended family.
>
> (6) The child's sibling relationships.

(7)　The well-reasoned preference of the child, based on the child's maturity and judgment.

(8)　The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9)　Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10)　Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11)　The proximity of the residences of the parties.

(12)　Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13)　The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another.　A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14)　The history of drug or alcohol abuse of a party or member of a party's household.

(15)　The mental and physical condition of a party or member of a party's household.

(16)　Any other relevant factor.

23 Pa.C.S.A. § 5328(a).　The amount of weight a trial court gives to any one factor is largely within the court's discretion.　*M.J.M. v. M.L.G.*, 63 A.3d 331, 339 (Pa.Super. 2013), *appeal denied*, 620 Pa. 710, 68 A.3d 909 (2013) (explaining trial court's purview, as finder of fact, is to determine which factors are most salient and critical in each particular case).

- 4 -

Further, the trial court is not required to accept the conclusions of a custody evaluator in a child custody case. *M.A.T. v. G.S.T.*, 989 A.2d 11 (Pa.Super. 2010) (*en banc*). "It is an abuse of discretion, however, for a trial court to dismiss as unpersuasive, and to totally discount, uncontradicted expert testimony." *Id.* at 19. Thus, the trial court must consider a custody evaluator's conclusions, "and if the trial court chooses not to follow the expert's recommendations, its independent decision must be supported by competent evidence of record." *Id.* at 20.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the Honorable Patricia E. Coonahan, we conclude Father's issues merit no relief. The trial court opinions comprehensively discuss and properly dispose of the questions presented. (*See* Custody Order and Opinion, filed October 30, 2017, at 3-11) (examining each relevant factor under Act and concluding that continued primary physical custody of Child with Mother is in Child's best interest)[3] and (Trial Court Opinion, filed December 19, 2017, at 7-12) (finding: **(1)** at outset of custody hearing, before court heard testimony and evidence, court viewed both parties on "equal footing"; following hearing, court thoughtfully and meticulously

---

[3] Under the holiday schedule in the custody order, the court inadvertently states both Mother and Father shall have custody of Child over the Thanksgiving holiday in odd years. We direct the court to clarify the Thanksgiving holiday schedule in an amended custody order to avoid further litigation surrounding this issue.

analyzed testimony and evidence in light of sixteen custody factors; court rendered custody decision in best interests of Child only after court conducted detailed analysis of evidence and testimony in relation to custody factors; court did not abuse its discretion in methodology used to make custody decision;[4] **(2)** court considered Dr. Cooke's June 22, 2017 follow-up custody evaluation report; court also considered July 27, 2017 video deposition of Dr. Cooke; in footnote one of custody order, court stated it also considered Dr. Cooke's earlier July 25, 2011 and November 4, 2015 reports because most recent June 22, 2017 report was follow-up to those initial evaluations; court discussed each of Dr. Cooke's reports in its analysis of custody factor sixteen (any other relevant factor); court spent only two paragraphs discussing Dr. Cooke's prior reports compared to four pages court used to discuss Dr. Cooke's most recent report, because most recent report was "follow-up" evaluation, and it was necessary for court to review Dr. Cooke's earlier reports for

_____

[4] We depart from the court's references in its opinions to a "preponderance of the evidence" burden of proof as erroneous. **See** 23 Pa.C.S.A. § 5327(a) (stating in any action regarding custody of child between parents of child, there shall be no presumption that custody should be awarded to particular parent); **M.A.T., supra** (clarifying that in custody dispute between parents, no one has burden of proof; no presumption may be resorted to; instead, court must determine according to evidence in particular case what will serve child's best interests); **J.R.M., supra** (explaining in custody dispute, parents stand on equal footing and only burden of either parent is to establish what is in best interests of child). Notwithstanding the court's mistaken references, a close reading of the trial court's opinions, in their entireties, confirms the court did not subject Father to any burden other than to establish what was in Child's best interests.

purposes of clarity and completeness; court can take judicial notice of entire docket as this information is generally known within trial court's territorial jurisdiction, can be accurately and readily determined without question, and is part of record in this case;[5] **(3)** trial court is not obligated to accept custody evaluator's recommendation so long as record supports court's independent decision; Father's comment, that court "cherry-picked" quotes from Dr. Cooke's most recent report, is unprofessional; court takes very seriously its obligation to review testimony and recommendations of custody evaluator; court gave proper and thorough consideration to Dr. Cooke's custody evaluation report and deposition, and devoted several pages in its custody order to discussion of Dr. Cooke's recommendations; court did not "cherry-pick" quotes; rather, court analyzed testimony and evidence as stated on record and included specific page citations in custody order to Dr. Cooke's reports and deposition testimony).  Accordingly, we affirm on the basis of the trial court's opinions.

Order affirmed.

---

[5] Contrary to Father's assertions, Dr. Cooke's July 25, 2011 and November 4, 2015 reports **are** included in the certified record.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/18